\*\*NOT FOR PRINTED PUBLICATION\*\*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
| :--- | :--- | :--- |
| | § | |
| | § | |
| v. | § | CASE NO. 9:10-CR-29-RC |
| | § | |
| | § | |
| | § | |
| JERONIMO LEON (1) | § | |

## MEMORANDUM & ORDER

Before the court are Defendant Jeronimo Leon's *pro se* "Motion for Reduction of Sentence Pursuant to Section 401 and 404 of the First Step Act of 2018" (Doc. #227), Defendant's *pro se* "Motion to Correct a Clear Error of Law" (Doc. #229), and Defendant's *pro se* "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) to Amendment 782"[sic] (Doc. #230). The Government responded to the *pro se* Motion for Reduction of Sentence Pursuant to Section 401 and 404 of the First Step Act of 2018 on June 11, 2020. (Doc. #228). Having considered the motions, the record, and the applicable law, the court is of the opinion that the motions should be denied.

I. Background

On September 13, 2018, Jeronimo Leon was sentenced by the undersigned to 240 months imprisonment to be followed by a 10-year term of supervised release, after pleading guilty to Count 2 of the Second Superseding Indictment, possession with intent to distribute 50 grams or more a controlled substance (methamphetamine), in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 851. (Doc. #167). Defendant was also named in Counts 1, 3 and 4. A conviction of Count 3, possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), would have required a consecutive five-year term of imprisonment. By entering a plea agreement, the defendant avoided a minimum 25-year term of imprisonment.

1

## II. Defendant's Pending Motions

Before the court are three motions. On May 28, 2020, Defendant filed his initial *pro se* motion for a sentence reduction and treatment under § 401 and § 404 of the First Step Act. (Doc. #227). On July 7, 2020, Defendant filed his *pro se* Motion to Correct a Clear Error of Law (Doc. #229) and *pro se* "Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) to Amendment 782" [sic] (Doc. #230). The court will address each motion separately.

### Motion for Reduction of Sentence

On May 28, 2020, Defendant filed his *pro se* motion for a sentence reduction and treatment under Section 401 and Section 404 of the First Step Act. (Doc. #227). In his motion, Defendant goes through the background of his case, and argues he is eligible for relief because he continues to serve a sentence that is not fully in accordance with the Fair Sentencing Act, he was convicted for a "serious drug felony," and because he was convicted for distribution of 50 grams or more of methamphetamine.

The government opposes Jeronimo Leon's Motion for Reduction of Sentence Pursuant to Sections 401 and 404 of the First Step Act of 2018 and filed a response. (Doc. #228). Leon specifically requests relief under Sections 401 and 404 of the First Step Act of 2018. The Government argues, and the court agrees, that neither section applies to Defendant's conviction or sentence.

Section 401 of the First Step Act lowered statutory minimum sentences for recidivist defendants – those who had committed offenses under 21 U.S.C. § 841(b)(1)(A) and had been previously convicted of qualifying drug offenses. As the Government correctly asserts, Section 401 of the First Step Act is not retroactive. Section 401 also changed the definition of the qualifying drug offenses that would allow for an increased punishment for those defendants. Section 401(c) specifically addressed the retroactivity of Section 401, stating "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of

this Act, if a sentence for the offense has not been imposed as of such date of enactment." Leon was sentenced on April 12, 2012, prior to the December 21, 2018 enactment of the First Step Act. Section 401, therefore, does not apply to Defendant's conviction.

Section 404 of the Act allows courts to retroactively apply Sections 2 and 3 of the Fair Sentencing Act of 2010, which dealt with the amount of cocaine base ("crack" cocaine) necessary to trigger statutory mandatory minimums. To be eligible for relief under the 2010 Fair Sentencing Act, a defendant must have committed a "covered offense"—"a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of [The Fair Sentencing Act of 2010], that was committed before August 3, 2010." First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5221-22 (2018). Defendant pled guilty to possession with intent to distribute 50 grams or more methamphetamine — not crack cocaine — rendering Section 404 inapplicable in this case.

In addition to reviewing all the information available in the record, the court reviewed the retroactive Guideline sentencing calculations prepared by the U.S. Probation Office. Defendant is eligible for a two-level reduction in his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense level for drug offenses. However, even after the enactment of the First Step Act, Defendant's current sentence remains within the amended guideline range, which is still 240 months under Amendment 782. Defendant's sentence of 240 did not not change bcause the mandatory statutory minimum is 240 months.

Based on the history and characteristics of Defendant, and the nature and circumstances of the offense, the court concludes that a sentence of 240 months is not greater than necessary and meets the sentencing objectives of just punishment, deterrence, protection of the public and promotion of respect for the law. This is also the court's judgment if the Guidelines did not apply or the ranges have not been properly calculated. The court finds that because Sections 401 and 404 of the First

Step Act are inapplicable in this case, and Defendant's sentence would not change under Amendment 782, this motion should be denied.

### Motion to Correct a Clear Error of Law

On July 7, 2020, Defendant filed his *pro se* Motion to Correct a Clear Error of Law Pursuant to Fed. R. Crim. P. 59(e). (Doc. #229). In his motion, Defendant argues that his sentence was unreasonable, his sentence enhancement was invalid, and his sentence was erroneous as a matter of law. The Government did not respond. As a preliminary matter, unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not provide for motions for reconsideration in criminal cases. Federal Rule of Civil Procedure 59(e) states that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." There is no Federal Rule of Criminal Procedure 59(e).

Defendant argues that the court imposed an invalid enhancement 21 U.S.C. § 851. In support of this, Defendant asserts that he failed to receive notice of the potential enhancement because the Government failed to file information of a prior conviction for the purpose of increased punishment. This is incorrect. The Government filed its Information to Establish Prior Conviction with the court on March 22, 2012. (Doc. #143). The Government filed an Amended Notice and Information of Prior Conviction for the purpose of Increased Punishment on April 10, 2012. (Doc. #154). The court finds this argument to be without merit, and the motion is denied.

### Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)

On July 7, 2020, Defendant filed his *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. #230). In his motion, Defendant argues that his sentence should be reduced because he was sentenced based on a sentencing range that was subsequently lowered by the sentencing commission on November 01, 2014. The Government did not respond.

When addressing a § 3582(c)(2) motion to reduce sentence, a district court conducts a two-

step analysis. *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). The court first determines whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Id*. at 827, 130 S.Ct. 2683. *See also United States v. Collins*, 712 F. App'x 392, 395 (5th Cir. 2017). Here, it was undisputed that Defendant is eligible for a 2-level reduction pursuant to Amendment 782. However, his guideline imprisonment range remains the same because of the statutory minimum of 20 years, or in other words, 240 months.

As for the second step, once the court determines that a defendant is eligible for a sentence modification, the court must then consider the applicable § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id*. These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, and to protect the public from further crimes of the defendant. The court finds that a sentence reduction is not appropriate in this instance due to public safety considerations, namely the Defendant's association with weapons as set out in the original Presentence Investigation Report. (Doc. #156). After considering the § 3553(a) factors, with the guideline imprisonment range remaining the same, the court finds this motion should be denied.

III. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Jeronimo Leon's *pro se* Motion for Reduction of Sentence Pursuant to Section 401 and 404 of the First Step Act of 2018 (Doc. #227), Defendant's *pro se* Motion to Correct a Clear Error of Law (Doc. #229), and Defendant's *pro se* "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) to Amendment 782" [sic] (Doc. #230) are **DENIED**.

So ORDERED and SIGNED, Aug 15, 2020.

_____
Ron Clark
Senior Judge